■ In the Matter of MAXWELL INVERARY, Appellant, v SHEILA CURTIS, Respondent.—In a custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Ambrosio, J.), dated November 19, 1986, which, after a hearing, dismissed his petition for custody of his son.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contentions we are satisfied that the Family Court's denial of his custody petition was in the

best interests of the child *(see generally, Friederwitzer v Frieder-witzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242).

The record reveals that the father secured an ex parte order awarding him temporary custody of the parties' child based upon his representations to the Family Court that the mother had abandoned the child. More particularly, the father alleged that the mother had left the child with him and had departed from New York without giving any explanation as to her destination, the reason for her departure, or the date of her return. However, the Family Court returned custody to the mother shortly after her return to New York, and the evidence adduced at the subsequent hearing amply demonstrates that the father actually was informed that the mother was going to Jamaica to care for an infirm relative and would return in about two weeks. Moreover, the father acknowledged at the hearing that the mother had traveled to Jamaica and had left the child with him on only one prior occasion, and he was fully apprised of her plans.

Accordingly, the Family Court did not err in continuing custody with the mother despite the child's somewhat equivocal statement that he wanted to live with the father. The minutes of the in camera interview with the child, who was then approximately 6½ years old, reveals that he was confused as to whether he was living with his father or his mother at the time. Furthermore, contrary to the father's assertions, the child's expressed desire to live with him was far from emphatic. In any event, a child's preference regarding the parent with whom he wishes to reside merely constitutes one factor to be considered in determining custody, and must be viewed in the context of the child's age, intelligence and maturity *(see, Eschbach v Eschbach,* 56 NY2d 167). The child's expression for a preference is not determinative *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946). In the instant case, we conclude that the Family Court correctly found that the child's best interests would be served by continuing custody with the mother.

We have reviewed the father's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.