■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY RUDD, Appellant. [601 NYS2d 933] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered May 8, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the early morning hours of December 17, 1989, the defendant walked into the 101st police precinct in Queens and informed the desk officer that he had just killed his wife. The defendant, who appeared a "little bit agitated", added that he had killed his wife because she was "always getting on [his] nerves" and he "couldn't take it anymore". When police officers responded to the defendant's apartment, they found

his 21-year-old wife lying face down in a pool of blood. She had been stabbed and beaten to death.

The officers who responded to the defendant's apartment after his wife's death also observed three pots of boiling water on the kitchen stove. The evidence presented at the trial revealed that eight months earlier, the couple had been involved in a violent argument. During the course of this argument, the defendant's wife threw boiling water at him. The defendant was seriously burned, and was hospitalized for approximately one week. At the trial, the defendant presented a defense of a mental disease or defect, contending that the sight of the boiling water on the kitchen stove caused him to become psychotic and lose control of his actions because he believed that his wife was again preparing to scald him. However, two psychiatrists testifying for the prosecution found no evidence that the defendant was suffering from psychosis at the time he killed his wife, and concluded that at the time of his wife's death, the defendant possessed a substantial capacity to know or appreciate the nature and consequences of his actions, and to know that his actions were wrong. At the conclusion of the trial, the defendant was convicted of intentional murder and criminal possession of a weapon in the fourth degree.

On appeal, the defendant contends that he was deprived of a fair trial because one of the psychiatrists called by the prosecution was permitted to testify about interviews he conducted with friends and family members of the victim regarding the couple's relationship, which formed part of the basis for his opinion that the defendant was legally sane. We disagree. CPL 60.55 permits an expert psychiatric witness "to testify to extrajudicial facts and sources utilized in forming his or her professional opinion, subject of course to cross examination" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.55, at 147). We note, moreover, that the jury was instructed that testimony concerning the statements made by the victim's friends and family members to the psychiatrist was being admitted for the limited purpose of enabling them to understand the basis for the psychiatrist's opinion, and not for the truth of these statements.

Furthermore, contrary to the defendant's contention, the trial court did not commit reversible error in admitting the psychiatrist's opinions into evidence. As the Court of Appeals has observed, CPL 60.55, which "represents a legislative recognition of the importance of adequate psychiatric opinion",

permits a psychiatrist's expert opinion to be admitted "where the opinion is substantially, though not exclusively, based upon observation and examination of the defendant and the facts in evidence" *(People v Stone,* 35 NY2d 69, 75-76). At bar, although the psychiatrist testified that his interviews with the victim's friends and family gave him insight into the couple's troubled marriage and the defendant's history of violent behavior toward his wife, it is clear that his opinion was substantially based upon his examination of the defendant. Significantly, when interviewed by the psychiatrist, the defendant admitted, *inter alia,* that he and his wife had long-standing marital difficulties, that he had previously struck his wife, and that he would hit his wife "if she got close enough". Moreover, the psychiatrist also noted that medical records and prior evaluations revealed that the defendant had no history of mental illness. Under these circumstances, the existence of further support for the psychiatrist's opinion in "medically sound but legally hearsay evidence would not affect its admissibility, but only its weight" *(People v Stone, supra,* at 76). In any event, even if there were error committed in this regard, it was harmless in light of the overwhelming evidence of the defendant's guilt.

We have examined the defendant's remaining contention, and find it to be without merit. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.