■ In the Matter of BOBBY McCOY, Respondent, v SANDRA McCOY, Appellant. [717 NYS2d 194] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Garvey, J.), dated April 20, 1999, which, after a hearing, granted the father's petition for custody of the parties' two children.

Ordered that the order is affirmed, without costs or disbursements.

Where, as here, the father moved out of the marital residence, leaving the appellant with the parties' children, and did not seek custody of the children until seven months later, the father implicitly agreed that the appellant should be the custodial parent (*see, Robert C. R. v Victoria R.,* 143 AD2d 262, 264; *Alan G. v Joan G.,* 104 AD2d 147; *Meirowitz v Meirowitz,* 96 AD2d 1030). However, in determining whether a custody agreement should be modified, the paramount issue before the court is whether the totality of the circumstances warrants modification in the best interests of the child (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 96; *Teuschler v Teuschler,* 242 AD2d 289; *see also, Matter of Pignetti v Maust,* 270 AD2d 274). The Family Court's determination that an award of custody to the father would be in the best interests of the children has a sound and substantial basis in the record and should not be disturbed (*see, Matter of Donnelly v Donnelly,* 273 AD2d 233). Moreover, the Family Court was not required to follow the recommendations of the psychiatric expert (*see, Matter of Hopkins v Wilkerson,* 255 AD2d 319), and the Family Court's decision not to do so is supported by the record. O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.