■ MICHAEL ZAFRAN, Appellant, v LISA ZAFRAN, Respondent. [761 NYS2d 317] —In an action for a divorce and ancillary relief, the plaintiff father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated October 9, 2002, as awarded custody of the parties' daughter to the mother and issued a temporary order of visitation to be implemented by a court-appointed case manager.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties married in 1976, and have three children. Following commencement of this action by the father, the parties entered into a stipulation whereby they agreed that the mother would have sole residential custody of the children. Three months later, the father obtained an ex parte order of protection in Family Court and gained custody over the parties' two sons. At issue on this appeal is the custody of the parties' daughter, born April 23, 1997.

In child custody determinations, a court must decide what is in the best interest of the child, and what will best promote his or her welfare and happiness (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Miller v Pipia,* 297 AD2d 362, 364 [2002]). The court must look at the totality of circumstances, and consider, inter alia, "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Miller v Pipia, supra* at 364). The "existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach, supra* at 174; *see Miller v Pipia, supra*; *Young v Young,* 212 AD2d 114 [1995]). The determination of custody is a matter entrusted to the sound discretion of the trial court, and its determination will not be set aside unless it "lacks a sound and substantial basis" (*Vinciguerra v Vinciguerra,* 294 AD2d 565, 566 [2002]; *see Eschbach v Eschbach, supra*).

Contrary to the father's contention, the Supreme Court's determination awarding custody of the parties' young daughter to the mother was amply supported by the evidence in this case (*see Vinciguerra v Vinciguerra, supra*; *Berstell v Krasa-Berstell,* 272 AD2d 566 [2000]). Faced with conflicting recommendations by two forensic experts, both of whom had been appointed by the Supreme Court, the court chose to accept the recommendations of one over the other. The Supreme Court was not obligated to accept the recommendations of the second, later-appointed examiner (*see Vinciguerra v Vinciguerra, supra*; *Matter of Maysonet v Contreras,* 290 AD2d 510 [2002]; *Matter of McCoy v McCoy,* 277 AD2d 384 [2000]; *Berstell v Krasa-Berstell, supra*), and explained its reasons for disregarding that examiner's recommendations (*see Vinciguerra v Vinciguerra, supra*; *Berstell v Krasa-Berstell, supra*), for which

there is a sound and substantial basis in the record. The mother had been the daughter's primary caretaker and had a loving, warm, and nurturing relationship with her. Evidence that the father's conduct resulted in the alienation of the parties' two older sons from their mother supports the Supreme Court's determination that the mother is the more suitable custodial parent (*see Young v Young, supra*), which also is the opinion of the Law Guardian for the daughter.

With respect to visitation, we disagree with the father's contention that the Supreme Court's appointment of a case manager was an improper delegation of its authority (*cf. Matter of Henrietta D. v Jack K.,* 272 AD2d 995 [2000]). We also disagree with the father's contention that the order had the effect of denying him all access to his daughter. While the Supreme Court's determination on the issue of visitation could have been stated with more clarity, since the father's right to visitation was not made contingent on his participation in therapy, there is no improper interference with his rights to visitation (*see Gadomski v Gadomski,* 256 AD2d 675 [1998]; *Mongiardo v Mongiardo,* 232 AD2d 741 [1996]; *Matter of Tito G. v Thelma G.,* 187 AD2d 651 [1992]; *Nacson v Nacson,* 166 AD2d 510 [1990]; *see also Landau v Landau,* 214 AD2d 541, 542 [1995]).

The appellant's remaining contentions are without merit. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.