■ MICHAEL COHEN, Appellant, v ARIANNA MEREMS, Respondent. [768 NYS2d 637]—

In an action for a divorce and ancillary relief, the father appeals from (1) an order of the Supreme Court, Nassau County (Falanga, J.), dated May 13, 2002, which awarded custody of the parties' child to the mother, and (2) an order of the same court dated July 16, 2002, which only granted him certain visitation rights, and, in effect, denied his request for joint custody and to direct the mother to move to a location in closer proximity to the father's residence and assume responsibility for transporting the child to and from visitation.

Ordered that the orders are affirmed, with one bill of costs.

In determining child custody, a court must decide "what is for the best interest of the child, and what will best promote its welfare and happiness" (Domestic Relations Law § 70 [a]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *see Miller v Pipia*, 297 AD2d 362, 364 [2002]). The determination of custody is a matter entrusted to the sound discretion of the trial court (*see Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]). The Supreme Court's determination must be "accorded great deference on appeal, since it had the opportunity to assess the witnesses' demeanor and credibility" (*Miller v Pipia, supra* at 364; *see Eschbach v Eschbach, supra* at 173). Only where the Supreme Court's determination "lacks a sound and substantial basis" should its determination be disturbed (*Miller v Pipia, supra* at 364 [internal quotation marks omitted]; *Matter of Rosiana C. v Pierre S.,* 191 AD2d 432, 433 [1993]; *see Eschbach v Eschbach, supra*).

Further, "recommendations of court-appointed experts are but one factor to be considered in making any custody determination and are not determinative" (*Young v Young,* 212 AD2d 114, 118 [1995]). Although "entitled to some weight" (*Young v Young, supra* at 118), expert recommendations need not be accepted or followed by the court, provided they are not arbitrarily disregarded (*see Vinciguerra v Vinciguerra, supra* at 566; *Matter of Maysonet v Contreras,* 290 AD2d 510 [2002]; *Matter of McCoy v McCoy,* 277 AD2d 384, 385 [2000]; *Berstell v Krasa-Berstell,* 272 AD2d 566 [2000]; *Matter of Hopkins v Wilkerson,* 255 AD2d 319, 320 [1998]). Far from arbitrarily disregarding the expert's recommendation, the Supreme Court fully explained its reasons at great length for rejecting the expert's recommendation, and its reasoning is supported by the record. Notably, the Law Guardian who was present during the trial was of the view that the mother would be the better custodial parent.

Given that the mother was supportive of visitation, that both parties are fit and loving parents, each capable of caring for the child, the availability of the mother to care for the child, and her role as primary caretaker since the child's birth, the Supreme Court properly awarded custody of the parties' child to the mother (*see Matter of Laura A.K. v Timothy M.,* 204 AD2d 325 [1994]; *Carr v Carr,* 171 AD2d 776 [1991]).

The father's remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.