In the Matter of DAVID JARUSHEWSKY, Respondent, v CINDY BAEZ, Appellant. [776 NYS2d 847]—

In a child custody proceeding pursuant to Family Court Act article 6, which was transferred for administrative reasons to the Supreme Court for trial, the mother appeals from an order of the Family Court, Nassau County (Joseph, J.S.C.), dated January 3, 2003, which, after a hearing, inter alia, granted the father's petition for custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

In a child custody determination, the paramount consideration is the bests interests of the child (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]). Here, contrary to the mother's contention, the Family Court's determination to award custody of the parties' child to the father has a sound and substantial basis in the record (*see* *Zafran v Zafran,* 306 AD2d 468, 469 [2003]; *Vinciguerra v Vinciguerra,* 294 AD2d 565, 566 [2002]).

In making its determination, the Family Court considered, among other things, the fact that the parents had been sharing

custody of the child prior to the hearing, the loving, warm, and nurturing relationship the father had with the child, the father's strong support system, and the fact that he encouraged a healthy relationship between the mother and the child. In addition, an important factor in the Family Court's determination was the finding, supported by the record, that the mother was less than credible throughout the proceeding and that she attempted to exclude the father from the child's life by filing several family offense petitions, none of which were determined to be meritorious. Thus, the record supports the Family Court's determination that the father is the more suitable custodial parent (*see Miller-Presutti v Presutti*, 257 AD2d 562, 563 [1999]).

Contrary to the mother's contention, the Family Court was not obligated to accept the recommendation of the probation officer (*see Zafran v Zafran, supra; Vinciguerra v Vinciguerra, supra; Matter of Maysonet v Contreras*, 290 AD2d 510 [2002]).

The mother's remaining contention is without merit. Smith, J.P., Krausman, Crane and Mastro, JJ., concur.