In the Matter of SEAN CAMPBELL, Respondent, v CHERISA CAMPBELL, Appellant. [785 NYS2d 510]—

In an interstate custody proceeding pursuant to Domestic Relations Law article 5-A, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Bivona, J.), entered March 5, 2004, as continued the award of custody of the subject children to her on returning with them to the State of New York.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

Approximately three months before the commencement of this child custody proceeding, the mother, Cherisa Campbell, moved with the parties' two children from New York to Georgia. At the time, the children were 13 and 3 years old, respectively. Prior to the move and since their births, the children lived in New York with both parents. The father, Sean Campbell,

remained in New York and subsequently commenced this custody proceeding on July 2, 2003, by filing a petition in Family Court, Orange County, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law § 75 *et seq.*). Since New York was the children's "home state" within the six months immediately preceding the commencement of this proceeding (*see* Domestic Relations Law § 75-a [5], [7]), and since the father has continued to live in this State, the Family Court properly exercised "home state" jurisdiction (*see* Domestic Relations Law § 76 [1] [a]). By contrast, Georgia was not the children's "home state" because they did not live there for six consecutive months before the commencement of this proceeding (*see* Domestic Relations Law § 75-a [5], [7]).

Contrary to the mother's contention, the Family Court did not err in conditioning the award of custody on her returning to live in New York with the children. In determining custody, a court must decide "what is for the best interest of the child, and what will best promote its welfare and happiness" (Domestic Relations Law § 70 [a]; *see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Cohen v Merems,* 2 AD3d 663, 664 [2003]). "The determination of custody is a matter entrusted to the sound discretion of the trial court" (*Cohen v Merems, supra* at 664; *see Vinciguerra v Vinciguerra,* 294 AD2d 565, 566 [2002]). "The findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Blanc v Larcher,* 11 AD3d 458, 459 [2004]; *see Eschbach v Eschbach, supra* at 173). The record supports the Family Court's determination that it was in the best interest of the children to remain in New York, where they grew up and where their father continues to reside (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]; *cf. Miller v Pipia,* 297 AD2d 362 [2002]).

The mother's remaining contention is without merit. Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.