■ In the Matter of SHAHZADA Q. MOHAMMAD, Respondent, v ABDUL Q. MOHAMMAD, Appellant. [805 NYS2d 89]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Knipps, J.), dated February 26, 2004, which awarded custody of the child to the mother and visitation to him, (2) an order of the same court dated June 28, 2004, which, inter alia, denied his motion to modify the Law Guardian's proposed order regarding payment to the court-appointed forensic expert and clarified the procedure by which the parties are to provide each other written notice, and (3) an order of the same court dated July 2, 2004, which granted the Law Guardian's motion to allocate to him 50% of the forensic expert's fees.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court's determination as to custody should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Ortiz v Maharaj,* 8 AD3d 574 [2004]; *Matter of Skratt v Henry,* 6 AD3d 719 [2004]). Furthermore, the Family Court's determination as to credibility should be accorded great weight on appeal, since it saw and heard the witnesses (*see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]; *Matter of Vann v Vann,* 14 AD3d 710, 711 [2005]).

Contrary to the father's contentions, the evidence presented at trial amply supports the Family Court's determination that awarding sole custody to the mother is in the child's best interests (*see Matter of Jarushewsky v Baez,* 7 AD3d 713 [2004]; *Vinciguerra v Vinciguerra,* 294 AD2d 565 [2002]; *cf. Eschbach v Eschbach, supra* at 171).

The Family Court also properly admitted the report and testimony of the court-appointed forensic expert. The report was redacted to eliminate references to two anonymous collat-

eral sources. The expert testified that his opinion without these sources remained unchanged and that he was able to testify at trial without considering them (*cf. People v Stone,* 35 NY2d 69, 73-74 [1974]; *People v Rudd,* 196 AD2d 666, 667-668 [1993]).

The order dated June 28, 2004, properly continued the confidentiality of the mother's address, given the father's history of domestic violence against her (*see* Family Ct Act § 154-b [2] [a], [b]).

The order dated July 2, 2004, properly allocated to the father 50% of the forensic expert's fees, in accordance with a prior order made before the start of trial.

The father's remaining contentions are without merit. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.