In the Matter of Bryan A. Kelly, Respondent, v Sonya S. Hickman, Appellant. [844 NYS2d 124]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Negron, Ct Atty Ref), dated June 23, 2006, as awarded sole custody of the subject child to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In child custody determinations, a court must decide what is in the best interests of the child, and what will best promote his or her welfare and happiness (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *see also Zafran v Zafran*, 306 AD2d 468, 469 [2003]; *Vinciguerra v Vinciguerra*, 294 AD2d 565, 566 [2002]). This determination is "entrusted to the sound discretion of the trial court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties" (*Vinciguerra v Vinciguerra*, 294 AD2d 565 [2002]). "Its determination will not be set aside unless it lacks a sound and substantial basis in the record" (*Vinciguerra v Vinciguerra*, 294 AD2d at 566; *see Zafran v Zafran*, 306 AD2d at 468).

The record in this case provides a sound and substantial basis

for the custody determination. Although both parties appear to be capable and loving parents, under the circumstances of this case, it is in the best interests of the subject child for the father to have custody (*see Berstell v Krasa-Berstell*, 272 AD2d 566, 567 [2000]; *Zafran v Zafran*, 306 AD2d at 469).

The Family Court was not required to accept the recommendation of the court-appointed forensic psychologist that joint custody be awarded (*see Matter of Sienkwicz v Sienkwicz*, 298 AD2d 396 [2002]; *Matter of Maysonet v Contreras*, 290 AD2d 510 [2002]; *Matter of McCoy v McCoy*, 277 AD2d 384, 385 [2000]; *Berstell v Krasa-Berstell*, 272 AD2d at 567). Notably, the forensic psychologist found the father to be the more reliable parent and the law guardian, whose position was that joint custody be awarded, opined that the child should reside primarily with the father (*see Berstell v Krasa-Berstell*, 272 AD2d at 567). Nor were the recommendation of the forensic psychologist and the position of the law guardian arbitrarily disregarded; rather, the Family Court fully explained its reasons for rejecting the recommendation and the position, respectively (*see Berstell v Krasa-Berstell*, 272 AD2d at 567). The Family Court's rationale is amply supported by the record, which demonstrated that the parties were unable to communicate or cooperate. Moreover, the forensic psychologist admitted that he reluctantly recommended joint custody due to the parents' poor working relationship (*see Matter of Tavarez v Musse*, 31 AD3d 458 [2006]; *Palumbo v Palumbo*, 292 AD2d 358, 360 [2002]; *Matter of George W.S. v Donna S.*, 187 AD2d 657, 659 [1992]). Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.