■ In the Matter of NICOLE LANGLAISE, Respondent, v JACQUESE SOOKHAN, Appellant. [850 NYS2d 917]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Pearl, J.), dated May 23, 2006, which, after a hearing, inter alia, granted the mother's petition for sole custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (see *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). The hearing court must consider the totality of the circumstances, and consider, among other things, the relative fitness of the parents, the quality of the respective home environments, the quality of parental guidance, and the ability of each parent to provide for the child's emotional and intellectual development (see *Vinciguerra v Vinciguerra*, 294 AD2d 565 [2002]). Since a custody determination depends to a great extent upon an assessment of the character and credibility of parties and witnesses (see *Eschbach v Eschbach*, 56 NY2d at 174), the determination will not be disturbed unless it lacks a sound and substantial basis in the record (see *Vinciguerra v Vinciguerra*, 294 AD2d at 566).

Here, the Family Court's determination that the child's best interests would be served by awarding the mother sole custody, which was consistent with the recommendation of the court-appointed forensic evaluator (see *Miller v Pipia*, 297 AD2d 362, 365 [2002]), has a sound and substantial basis in the record,

and should not be disturbed (*see Vinciguerra v Vinciguerra*, 294 AD2d at 566). While the child, who was 12 years old at the time of the hearing, voiced a desire to live with the father, a child's express wishes are not determinative and, under the circumstances, the court properly declined to place great weight on the child's stated preference (*see Matter of Inverary v Curtis*, 150 AD2d 684, 685 [1989]). Ritter, J.P., Santucci, Covello and Carni, JJ., concur.