■ In the Matter of NAOMI PALMER-CARDONA, Appellant, v JOSE CARDONA, Respondent. (Proceeding No. 1.) In the Matter of JOSE CARDONA, Respondent, v NAOMI PALMER-CARDONA, Appellant. (Proceeding No. 2.) [883 NYS2d 540]—In related child custody proceedings pursuant to Family Court Act article 6, and a family offense proceeding pursuant to Family Court Act article 8, the mother appeals from (1) stated portions of a combined decision and order of the Supreme Court, Kings County (Henry, J.) (IDV Part), dated November 29, 2007, which decision was made, after a hearing, on the father's petition for sole legal custody, and which order dismissed her family offense proceeding, and (2) an order of the same court, also dated November 29, 2007, which, upon the decision, granted the father's petition for sole legal custody.

Ordered that the appeal from so much of the combined decision and order as was made, after a hearing, on the father's petition for sole legal custody, is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the combined decision and order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order granting the father's petition for sole legal custody is affirmed, without costs or disbursements.

"Any court in considering questions of child custody must make every effort to determine what is for the best interest of the child, and what will best promote its welfare and happiness" (*Eschbach v Eschbach,* 56 NY2d 167, 171 [1982] [internal quotation marks omitted]; *see Zafran v Zafran,* 306 AD2d 468, 469 [2003]). The court must look at the totality of circumstances and "[f]actors to be considered in determining those best interests include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the

child's relationship with the other parent" (*Matter of Berrouet v Greaves,* 35 AD3d 460, 461 [2006]; *see Zafran v Zafran,* 306 AD2d at 469). "Since the [court's] custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Dobbins v Vartabedian,* 304 AD2d 665, 666 [2003]).

Here, the Supreme Court's award of sole custody to the father is supported by a sound and substantial basis in the record (*id.* at 666). The Supreme Court's determination that it was in the best interests of the child for the father to have custody was based on, inter alia, its assessment of the credibility of the parties and its finding that the child would benefit from the stability of the home provided by the father (*see Matter of Lightbody v Lightbody,* 42 AD3d 537, 538 [2007]; *Matter of Turnure v Turnure,* 37 AD3d 727, 728 [2007]; *Matter of Berrouet v Greaves,* 35 AD3d 460 [2006]; *Matter of Dobbins v Vartabedian,* 304 AD2d at 666). Under these circumstances, we decline to disturb the Supreme Court's custody award.

Contrary to the mother's contention, the Supreme Court properly dismissed her family offense proceeding (*cf., Matter of Halper v Halper,* 61 AD3d 687 [2009]; *Matter of Ford v Pitts,* 30 AD3d 419, 420 [2006]; *Matter of Lallmohamed v Lallmohamed,* 23 AD3d 562 [2005]).

The mother's remaining contention is without merit. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.