■ In the Matter of SALEEM LAZEL KNIGHT, Respondent, v PATRICE P. MORGAN, Appellant. [930 NYS2d 625]—

On August 24, 2009, in connection with the father's petition seeking joint custody of the subject child with the mother, the Family Court, Queens County, issued an order of custody on consent, awarding joint legal custody to both parents, with primary residential custody to the father. Accordingly, the subject child, who was born in 2000, and had resided with his mother in New York since his birth, moved to California in September 2009 to live with his father. After moving to California with the father, the child was diagnosed by a psychologist in California with attention deficit hyperactivity disorder, oppositional defi-

ant disorder, post-traumatic stress disorder and, possibly, a bipolar disorder. The child received treatment from healthcare providers in California, and was not permitted to travel until his condition was stabilized. The child has not returned to New York since moving to California.

In December 2009 the mother filed a cross petition in the Family Court, Queens County, to modify the prior order of custody dated August 24, 2009, so as to award her sole custody of the child, in which she alleged, among other things, that the father had falsely accused her of abusing the child. In January 2010 the father separately cross-petitioned to modify the prior custody order so as to award him sole custody of the child. Subsequently, in May 2010, while both cross petitions were pending, the father moved, inter alia, to dismiss the mother's cross petition for lack of subject matter jurisdiction. After a hearing on the issue of jurisdiction, the Family Court granted that branch of the father's motion which was to dismiss the mother's cross petition on that ground. The Family Court did not address the father's separate cross petition. We reverse.

The Family Court correctly determined that it lacked exclusive, continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1), since neither the subject child nor the father maintained a significant connection with New York, and substantial evidence regarding the child's present and future welfare was no longer available in this State (see Domestic Relations Law § 76-a [1] [a]; Matter of Gulyamova v Abdullaev, 53 AD3d 489, 489-490 [2008]; see also Matter of Persaud v Persaud, 293 AD2d 480 [2002]; cf. Matter of Wnorowska v Wnorowski, 76 AD3d 714 [2010]). However, "[t]he Family Court had jurisdiction to hear the mother's [cross] petition for modification pursuant to Domestic Relations Law § 76-a (2) since it would have had jurisdiction for an initial child custody determination" under Domestic Relations Law § 76 (1) (a) (Matter of Rey v Spinetta, 8 AD3d 393, 394 [2004]; see Domestic Relations Law § 76-a [2]). New York was the child's "home state" within the six months immediately preceding the commencement of this proceeding, and the mother continued to reside in this State (see Domestic Relations Law § 76 [1] [a]; Matter of Campbell v Campbell, 12 AD3d 669, 669 [2004]).

Accordingly, the matter must be remitted to the Family Court, Queens County, for further proceedings on the cross petitions. Angiolillo, J.P., Hall, Austin and Cohen, JJ., concur.