■ In the Matter of RYAN V. DANIELS, Appellant, v KONNIE KELLY DANIELS, Respondent. [51 NYS3d 896]—

Appeal by the father from an order of the Family Court, Suffolk County (Colleen Fondulis, Ct. Atty. Ref.), dated March 11, 2016. The order dismissed the father's petitions to modify two orders of custody and visitation regarding the parties' two minor children.

Ordered that the order is affirmed, with costs.

Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law (hereinafter UCCJEA), a court in this State that has made an initial custody determination has exclusive continuing jurisdiction over that determination until it finds, as is relevant here, that the child does not have a "significant connection" with New York, and "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; see Matter of Wnorowska v Wnorowski, 76 AD3d 714 [2010]).

Here, the Family Court properly determined that it should relinquish jurisdiction where the subject children, who have lived with the mother in Colorado since October 2014, do not have a significant connection with New York, and substantial evidence is no longer available in this State concerning the children's care, protection, training, and personal relationships (see Domestic Relations Law § 76-a [1] [a]; Matter of Miller v Shaw, 123 AD3d 1131, 1132 [2014]; Matter of Mojica v Denson, 120 AD3d 691, 692 [2014]). Chambers, J.P., Roman, Miller and Connolly, JJ., concur.