Matter of Veen v Golovanoff (2019 NY Slip Op 01080)





Matter of Veen v Golovanoff


2019 NY Slip Op 01080


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03276
2018-03278
 (Docket Nos. V-27764-17/17A, V-27765-17/17A)

[*1]In the Matter of Marina Veen, petitioner,
v
Nikolai Golovanoff, respondent. (Proceeding No. 1)
In the Matter of Nikolai Golovanoff, appellant,Marina Veen, respondent. (Proceeding No. 2)


Catherine S. Bridge, Staten Island, NY, for appellant.
Goldberg Sager & Associates (Glenn S. Koopersmith, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Javier E. Vargas, J.), dated February 20, 2018, and (2) an order of the same court dated February 21, 2018. The order dated February 20, 2018, upon a finding, inter alia, that the State of Washington is the more appropriate forum to determine the father's petition to enforce the parental access provisions of a prior order of the Family Court dated November 9, 2010, declined jurisdiction over the father's proceeding and stayed the proceeding for six days to allow the father to file an enforcement action in a court in Washington. The order dated February 21, 2018, in effect, denied the father's petition and dismissed the father's proceeding based on lack of jurisdiction.
ORDERED that the appeal from the order dated February 20, 2018, is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 6, and leave to appeal has not been granted (see Family Ct Act §§ 439[e], 1112[a]); and it is further,
ORDERED that the order dated February 21, 2018, is affirmed, without costs or disbursements.
The parties are the divorced parents of two children. Pursuant to, inter alia, an order of the Family Court dated November 9, 2010 (hereinafter the November 2010 order), the mother had sole physical custody of the children and the father had certain specified parental access. In August 2011, the mother moved to California with the children, with the father's permission. In September 2013, the mother and the children moved to the State of Washington. In July 2017, the [*2]father filed a petition (Proceeding No. 2) in Family Court, Kings County, to enforce his parental access rights pursuant to the November 2010 order. In November 2017, the mother filed a petition in the Superior Court, State of Washington (hereinafter the Washington court) to modify the father's parental access rights. After conferring with the Washington court, and hearing the arguments of the parties, the Family Court, pursuant to Domestic Relations Law 5-A, inter alia, relinquished jurisdiction over the father's proceeding to the Washington court, and, in effect, denied the father's petition and dismissed the proceeding. We affirm.
"Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this state which has made an initial custody determination has exclusive continuing jurisdiction over that determination until it finds, as is relevant here, that it should relinquish jurisdiction because the child does not have a significant connection' with New York, and substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships'" (Matter of LaCour v Puglisi, 147 AD3d 842, 842, quoting Domestic Relations Law § 76-a [1][a]). Further, Domestic Relations Law § 76-f(1) provides that a New York Court that has jurisdiction to make a child custody determination may decline to exercise its jurisdiction if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. Domestic Relations Law § 76-f(2) sets out factors by which the court shall determine whether it is an inconvenient forum, including, among others, as is relevant here, the length of time that the subject children resided outside of New York, the distance that the parties must travel, the relative financial circumstances of the parents, the nature and location of the evidence, the ability of the courts to decide the issue expeditiously, and the familiarity of the courts with the facts and issues of the case. "Particularly relevant" to the analysis is the nature and location of evidence (Greenfield v Grenfield, 115 AD3d 645, 645 [internal quotation marks omitted]).
We agree with the Family Court's determination declining to exercise jurisdiction on the ground that the Washington court is the more appropriate forum to address the father's petition. Although the parties previously stipulated that the court in New York would retain jurisdiction, a prior agreement is merely one factor for the court to consider in determining whether it is a convenient forum (see Domestic Relations Law § 76-f [2][e]). However, the children have not had a significant connection to New York since 2011, and, since 2013, the substantial, relevant evidence pertaining to the children's care, protection, training, and personal relationships is in Washington, not New York (see Matter of Daniels v Daniels, 150 AD3d 850, 851). The Washington court thus has greater access to evidence and witnesses pertaining to the children's best interests (see id. at 851), and the mother, the monied party, is willing to pay for the father to travel to Washington for a parental evaluation (see Domestic Relations Law § 76-f [2][d]).
Accordingly, we agree with the Family Court's determination to, in effect, deny the father's petition and dismiss the father's proceeding on the ground that the New York court is an inconvenient forum and the Washington court is a more appropriate forum.
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court