Matter of Caple v Cheatham (2020 NY Slip Op 07378)





Matter of Caple v Cheatham


2020 NY Slip Op 07378


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-12673
 (Docket Nos. V-3751-16, V-4795-18)

[*1]In the Matter of Ana Caple, respondent,
v
James Cheatham, appellant. (Proceeding No. 1.)
In the Matter of James Cheatham, appellant,Ana Caple, respondent. (Proceeding No. 2.)


Rhonda R. Weir, Brooklyn, NY, for appellant.
Anthony DeGuerre, Staten Island, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated October 9, 2019. The order (1) denied the father's motion to vacate a prior order of the same court (Arnold Lim, J.) dated March 5, 2018, granting the mother's petition for sole custody of the parties' child, upon the father's failure to appear at a hearing, and (2) granted the mother's motion to dismiss the father's modification petition on the ground that New York is an inconvenient forum.
ORDERED that the order dated October 9, 2019, is affirmed, without costs or disbursements.
The father and the mother have one child together, born in 2010. In an order dated May 2, 2014, issued on consent, the Family Court awarded joint legal custody of the child to the parents and to the maternal grandparents, with primary physical custody of the child to the maternal grandparents, and certain parental access to the father. Thereafter, the mother filed a petition to modify the prior custody order so as to award her sole legal and physical custody of the child. In an order dated March 5, 2018, the court, upon the father's default in appearing for a hearing, granted the mother's petition and awarded the mother sole legal and physical custody of the child. The court directed that the father was not entitled to any parental access with the child unless approved by the court, and upon his completion of the services ordered in a dispositional order entered in a related neglect proceeding following a finding that he neglected the child.
In September 2018, the father, who had been incarcerated, filed a petition seeking parental access. The mother and the child had moved to Florida in July 2018, and the mother appeared by telephone. The father stated that he had completed all required services during his incarceration and was seeking electronic communication with the child. The father thereafter moved [*2]to vacate the order dated March 5, 2018, and to reinstate the prior custody order dated May 2, 2014. The mother moved pursuant to CPLR 3211(a) to dismiss the father's petition, arguing, among other things, that the Family Court lacked jurisdiction and New York was an inconvenient forum. In an order dated October 9, 2019, the court denied the father's motion to vacate the order dated March 5, 2018, and granted the mother's motion to dismiss the father's petition on the ground that New York is an inconvenient forum. The father appeals.
In order to vacate the order dated March 5, 2018, the father was required to establish a reasonable excuse for his default in appearing and a potentially meritorious defense to the custody proceeding (see CPLR 5015[a][1]; Matter of Nwabueze v Okafor, 166 AD3d 780, 781; Matter of Xiao-Lan Ma v Washington, 127 AD3d 982, 983). We agree with the Family Court's determination that the father failed to establish a potentially meritorious defense to the mother's modification petition. Circumstances had changed since the prior custody order, such that modification was warranted to further the child's best interests (see Matter of Tamara T. v Brandon U., 180 AD3d 1286, 1286; Matter of Gregoire v Yadram, 177 AD3d 616, 618; Loggia v Verardo, 167 AD3d 612, 613-614). Further, the conditions imposed upon the father's parental access in the March 5, 2018, order were the same services he was directed to complete in the related neglect proceeding. The father's alleged subsequent completion of those services was not a defense to the custody proceeding, but could have been properly raised on his pending parental access petition, had the court retained jurisdiction. Accordingly, we agree with the court's determination denying the father's motion to vacate the order dated March 5, 2018.
Contrary to the mother's contention, we agree with the Family Court's determination that it had jurisdiction over the father's parental access petition pursuant to Domestic Relations Law § 76-a(2), even if it no longer retained exclusive, continuing jurisdiction (see Domestic Relations Law § 76[1][a]; Matter of Knight v Morgan, 88 AD3d 713, 714; Matter of Campbell v Campbell, 12 AD3d 669, 670; see also 28 USC § 1738A[d]). However, a court of this state which has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A) may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (see Domestic Relations Law § 76-f[1]; Matter of Ocasio v Ocasio, 177 AD3d 886, 886; Matter of Hassan v Silva, 100 AD3d 753). Here, the court considered the required factors and providently exercised its discretion in declining jurisdiction (see Greenfield v Greenfield, 115 AD3d 645, 645-646). While the father is unable to travel due to his incarceration, the mother is not financially able to travel to New York for the proceeding (see Matter of Coia v Saavedra, 184 AD3d 1127, 1129). The child has lived in Florida since July 2018, and the evidence regarding her care, well-being, and personal relationships is available in Florida (see Matter of Daniels v Daniels, 150 AD3d 850, 851; Matter of McCarthy v Brittingham-Bank, 117 AD3d 1060, 1060-1061; Matter of Balde v Barry, 108 AD3d 622, 623). Further, "an attorney for the child based in the same state as the child can far more effectively communicate with the child than an attorney across the country" (Greenfield v Greenfield, 115 AD3d at 646; see Matter of Veen v Golovanoff, 169 AD3d 804, 806).
In light of our determination, we need not address the parties' remaining contentions.
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court