Matter of Spagnuolo v Anderson (2022 NY Slip Op 00672)





Matter of Spagnuolo v Anderson


2022 NY Slip Op 00672


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-04139
 (Docket Nos. V-5038-12/17A, V-5039-12/17A)

[*1]In the Matter of Mario Spagnuolo, respondent,
v
Dawn Anderson, appellant.


Osato Eugene Uzamere, Jamaica, NY, for appellant.
Litwach & Cherrick, Counselors at Law, P.C., Bayside, NY (Tara A. Cherrick of counsel), for respondent.
Heath J. Goldstein, Jamaica, NY, attorney for the child Marianna S.
Jennifer Arditi, Maspeth, NY, attorney for the child Josephine S.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated June 1, 2021. The order denied the mother's motion to vacate a final order of custody of the same court dated March 15, 2021, entered upon her default in appearing at a hearing.
ORDERED that the order dated June 1, 2021, is affirmed, without costs or disbursements.
The mother and father have two children together, born in 2004 and 2010. In an order dated September 11, 2014, the Family Court awarded the mother and father joint legal custody of the children, and awarded the mother sole physical custody. In February 2017, the father filed a petition seeking to modify the September 11, 2014 order so as to award him sole legal and physical custody of the children. In an order dated March 30, 2017, the court awarded the father sole legal and physical custody of the children pending a hearing on his petition.
In a final order of custody dated March 15, 2021, the Family Court, upon the default of the mother in appearing for the hearing, granted the father's petition and awarded the father sole legal and physical custody of the children. The court directed that the mother was not entitled to any parental access until she complied with the recommendations of the forensic evaluator and filed a petition seeking parental access. By notice of motion dated March 24, 2021, the mother moved to vacate the final order of custody. The court denied the mother's motion and the mother appeals.
To vacate the final order of custody dated March 15, 2021, the mother was required to establish a reasonable excuse for her default in appearing at the hearing and a potentially meritorious defense to the father's petition (see CPLR 5015[a][1]; Matter of Caple v Cheatham, 189 AD3d 1033, 1034; Matter of Nwabueze v Okafor, 166 AD3d 780, 781). The Family Court improvidently exercised its discretion in determining that the mother failed to establish a reasonable [*2]excuse for her default, as her excuse that her attorney was delayed by an appearance in another court and failed to provide her with a link to attend the virtual hearing was reasonable and resulted in no prejudice to the father (see Matter of Cayra M. v Fotis B., 147 AD3d 479, 479; Fromartz v Bodner, 266 AD2d 122, 122). However, the court providently exercised its discretion in determining that the mother failed to establish a potentially meritorious defense. The record demonstrates that circumstances had changed since the issuance of the prior custody order, such that a modification awarding the father sole legal and physical custody was in the best interests of the children (see Matter of Schellinger v Dunn, 195 AD3d 1034, 1035; Matter of Caple v Cheatham, 189 AD3d at 1034; Matter of Gregoire v Yadram, 177 AD3d 616, 618).
The mother's remaining contentions are not properly before this Court.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court