■ In the Matter of RICHARD GINN, Appellant, v JENNIFER STRAFACI, Respondent. [636 NYS2d 230] —White, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 14, 1994, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for enforcement of a prior custody and visitation order.

In a stipulation that was incorporated in a Family Court order entered April 7, 1992, the parties agreed, *inter alia*, that respondent would have custody of their son, born in November 1985, and that petitioner would have certain visitation rights. Respondent and her son have resided in North Carolina since 1990, and by order to show cause dated July 18, 1994, petitioner sought enforcement of the visitation provisions of Family Court's order. Respondent replied by moving to dismiss the

proceeding on the ground that Family Court lacked both personal and subject matter jurisdiction, or, alternatively, on the ground of forum non conveniens. Family Court rejected respondent's jurisdictional arguments but nonetheless dismissed the proceeding, finding that it was an inconvenient forum and that North Carolina was the more appropriate forum (see, Domestic Relations Law § 75-h [1]). Petitioner appeals.

We affirm. The Uniform Child Custody Jurisdiction Act provides that this State's courts will not exercise jurisdiction "when the child and his family have a closer connection with another state" (Domestic Relations Law § 75-b [1] [c]). Among the factors to be considered in making this determination are whether (1) the child resides or has recently resided in another State, (2) another State has a closer connection with the child and his family, or (3) "substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state" (Domestic Relations Law § 75-h [3] [c]). It is evident that North Carolina satisfies all three of the above characteristics since, from 1990 to date, respondent and the child have resided there as do the child's teacher, therapist, grandmother, friends and doctors. Moreover, it appears that New York's only connection with this matter at this point is that petitioner lives here. Therefore, in view of these circumstances, Family Court's finding was appropriate (see, Matter of Swain v Vogt, 206 AD2d 703; Ertel v Ertel, 197 AD2d 900).

Lastly, petitioner's criticism of the Law Guardian is unwarranted since the record discloses that her representation of the child is beyond reproach.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.