■ WESLEY CLARK, Appellant, v GINGER CLARK, Now Known as GINGER HANCOCK, Respondent. [801 NYS2d 863]—

Appeal from an order of the Supreme Court, Monroe County (David M. Barry, J.), entered February 11, 2004. The order dismissed plaintiff's application to modify the custody provisions of the judgment of divorce.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: By order to show cause dated June 27, 2003, plaintiff sought to modify a 1997 judgment of divorce that granted the parties joint custody of their two children, with primary physical residence with defendant. The children were

born, respectively, in August 1990 and February 1993. The parties were married in Texas and moved to New York with the children in February or March 1993, and plaintiff continues to reside in New York. In late 1996, defendant moved with the children to Texas and thereafter to Kentucky, and in 1999 defendant moved with the children to Florida, where they have continued to reside. In his affidavit in support of the order to show cause, plaintiff averred that there has been a substantial change of circumstances warranting a change from joint custody, with primary physical residence with defendant, to sole custody to plaintiff.

Supreme Court properly dismissed plaintiff's application to modify the custody provisions of the judgment of divorce based on lack of subject matter jurisdiction (*see* Domestic Relations Law § 76-a [1] [a]). Even assuming, arguendo, that the children have a significant connection to New York, we conclude that "substantial evidence is no longer available in this state concerning the child[ren]'s care, protection, training, and personal relationships" (*id.*). The children have resided in Florida for the past six years, and the events that form the basis of the alleged change of circumstances all occurred in Florida (*see generally Matter of Weyant v Barnett*, 302 AD2d 801 [2003]). Although plaintiff has commenced several proceedings in New York since the issuance of the judgment of divorce, no testimony was ever taken during those proceedings, a law guardian was never appointed, the children and the parties were never evaluated by psychologists, and all prior proceedings were resolved upon consent of the parties (*cf. Vernon v Vernon*, 100 NY2d 960, 972-973 [2003]).

In any event, even assuming, arguendo, that New York has jurisdiction pursuant to Domestic Relations Law § 76-a (1), we would nevertheless conclude that Florida is the more appropriate forum for the custody dispute pursuant to Domestic Relations Law § 76-f (*see Matter of King v King*, 15 AD3d 999, 1001 [2005]; *Matter of Jenkins v Jenkins*, 9 AD3d 633, 635 [2004]). In determining whether the state that has jurisdiction is an inconvenient forum, a court should consider such factors as "the length of time the child[ren have] resided outside th[e] state" (Domestic Relations Law § 76-f [2] [b]), "the nature and location of the evidence required to resolve the pending litigation, including testimony of the child[ren]" (§ 76-f [2] [f]), and "the familiarity of the court of each state with the facts and issues in the pending litigation" (§ 76-f [2] [h]). As previously noted, the children have resided in Florida for the past six years. In addition, the allegations of plaintiff with respect to the alleged

change of circumstances derive from statements made by the children to him concerning incidents that occurred in Florida. Relevant evidence would be expected from witnesses residing in Florida, and, thus, it is apparent from the record before us that Florida is the more convenient forum (*see generally Matter of Ginn v Strafaci*, 223 AD2d 883, 884 [1996]; *McNally v McNally*, 210 AD2d 940 [1994]). It cannot be said that New York courts are any more familiar with the facts and issues in this case than Florida courts. Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.