Appeal from an order of the Family Court, Erie County (Sharon M. Lo Vallo, J.), entered July 2, 2007. The order, insofar as appealed from, denied petitioner’s request for a transfer of custody.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father and respondent mother are the parents of four children who live with the mother in Omaha, Nebraska pursuant to a stipulation in connection with the parties’ divorce. The judgment of divorce and a subsequent Family Court order provide that the mother has custody of the children with visitation to the father, along with telephonic and written contact with the children. In appeal No. 1, the father appeals from an order finding the mother to be in violation of the judgment of divorce and the order of Family Court on the ground that the mother had denied him access to the children but denying the father’s request, inter alia, that the court transfer custody of the children to the father, without a hearing, on the ground that the mother’s violation of the judgment and order constitute a substantial change in circumstances. In appeal No. 2, the father appeals from an order granting the motion of the Law Guardian requesting that the court decline to exercise jurisdiction over the father’s petition seeking custody of the children and that the court transfer the matter to Nebraska. In appeal No. 3, the father appeals from an order determining that the court lacked jurisdiction over his petition seeking custody of the children and therefore dismissing the petition.
We conclude with respect to appeal No. 1 that the court properly determined that the mother had violated the judgment and order by denying the father visitation with the children, but we conclude that the court did not abuse its discretion in denying the father’s request to change custody without a hearing based upon the alleged substantial change in circumstances (cf. Matter of Mullings v Foster, 40 AD3d 1102, 1103 [2007]).
With respect to appeal Nos. 2 and 3, the Law Guardian’s motion requesting that the court decline to exercise jurisdiction was based on the assertion of the Law Guardian that she was unable to provide effective representation of the children because of the geographical distance between her and the children and the fact that the evidence necessary to determine the *1213 best interests of the children was not available in this state because the children had resided in Nebraska for more than four years. We conclude that the court properly exercised its discretion in determining that Nebraska was a more appropriate forum for the custody dispute (see Domestic Relations Law § 76-f [1]; Matter of Eisner v Eisner, 44 AD3d 1111, 1113 [2007], lv denied 9 NY3d 816 [2007]; Clark v Clark, 21 AD3d 1326, 1327 [2005]), and we therefore affirm the orders in appeal Nos. 2 and 3. The record establishes that the children had lived in Nebraska for nearly five years, and thus evidence necessary for a determination of their best interests is no longer available in New York (see Clark, 21 AD3d at 1327-1328). Present — Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.