In the Matter of YOUSSEF MZIMAZ, Appellant, v JIHANE BARIK, Respondent. [933 NYS2d 79]—

Pursuant to Domestic Relations Law § 76-f, a court with jurisdiction to make a child custody determination under Domestic Relations Law article 5-A may decline to exercise such jurisdiction if it determines that New York is an inconvenient forum and that another state or country is a more appropriate forum (*see* Domestic Relations Law § 75-d [1]; § 76-f [1]; *Matter of Swain v Vogt*, 206 AD2d 703 [1994]). The factors to be considered in making this determination include the length of time the child has resided outside the state, the distance between the court in this state and the court in the state or country that would assume jurisdiction, the nature and location of the evidence required to resolve the pending litigation, the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence, and the familiarity of the court of each state with the facts and issues in the pending litigation (*see* Domestic Relations Law § 76-f [2]). Here, the Family Court providently exercised its discretion in declining jurisdiction over the father's custody petition and determining that the courts in Morocco were a more appropriate forum. Although the child, who is now more than two years old, was born in New York, he has lived in Morocco since he was three months old, and very little information regarding him exists in New York. Moreover, the Moroccan courts have significant familiarity with the family and the pending issue as they have already determined the mother's divorce proceeding—which included custody, child support, maintenance, and visitation issues—and the father participated in those proceedings through a Moroccan attorney. Accordingly, the Family Court order properly, in effect, dismissed the father's petition for custody of the subject child on the ground of forum non conveniens.

The father's remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.