In a visitation proceeding pursuant to Family Court Act article 6, the father appeals (1) from an order of the Family Court, Kings County (O’Shea, J.), dated January 3, 2011, and (2), as limited by his brief, from so much of an amended order of the same court dated January 25, 2011, as, upon finding that the State of Washington was the more appropriate forum for the father to seek visitation with his son, or obtain any other related relief, declined to continue to exercise jurisdiction over any custody or visitation matters affecting the child, and granted the mother’s motion to dismiss the father’s visitation petition on that ground.
Ordered that the appeal from the order dated January 3, 2011, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated January 25, 2011; and it is further;
Ordered that the amended order dated January 25, 2011, is affirmed insofar as appealed from, without costs or disbursements.
Pursuant to Domestic Relations Law § 76-f, a court with jurisdiction to make a child custody determination under Domestic Relations Law article 5-A may decline to exercise such jurisdiction if it determines that New York is an inconvenient forum and that another state is a more appropriate forum (see Domestic Relations Law § 76-f [1]; Matter of Mzimaz v Barik, 89 AD3d 948 [2011]). The factors to be considered in making this determination include, inter alia, the length of time the child has resided outside the State, the nature and location of the evidence required to resolve the pending litigation, and the ability *763 of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence (see Domestic Relations Law § 76-f [2]). “Particularly relevant to the jurisdictional determination is whether the forum in which the litigation is to proceed has ‘optimum access to relevant evidence’ (Prefatory Note of Commissioners on Uniform State Laws, 9 ULA [Master Ed], § 3, p 124). Maximum rather than minimum contacts with the State are required (id.)” (Vanneck v Vanneck, 49 NY2d 602, 610 [1980]; see Vernon v Vernon, 100 NY2d 960, 971 [2003]).
Here, the record provides a substantial basis for the Family Court’s findings that “[the child] and [the mother] have little if any connection with New York anymore . . . ; the evidence respecting [the child’s] life and relationships is all in Washington State,” and “any visits between [the child] and his father, if they are to occur at all, should occur, at least in the first instance, where [the child] lives,” i.e., in the State of Washington. With regard to visitation, the record provides ample evidence of the difficulties experienced by the court and the attorneys in attempting to negotiate from New York the logistics inherent in setting up supervised visitation in the State of Washington, including finding a therapist to supervise the visits, scheduling the visits, and monitoring the quality of the supervising services. Moreover, an attorney for the child based in the same state as the child can far more effectively communicate with the child than an attorney across the country (see Matter of Kelly v Krupa, 63 AD3d 1395, 1396 [2009]). Under these circumstances, the Family Court providently exercised its discretion in concluding that the State of Washington is the more appropriate and convenient forum (see Domestic Relations Law § 76-f; Matter of Boyd v Crepeau, 89 AD3d 1020 [2011]; Matter of Toole v Caravella, 86 AD3d 576 [2011]; Uvaydov v Wexley, 63 AD3d 827, 828 [2009]; Matter of Erlec v Johnson, 58 AD3d 730, 731 [2009]; Matter of Hall v Hall, 44 AD3d 771 [2007]; Clark v Clark, 21 AD3d 1326, 1327-1328 [2005]), regardless of the parties’ relative finances.
Contrary to the father’s contention, the dismissal of his visitation petition did not result in the “nullification” of the previous orders awarding him supervised visitation. The father’s remaining contentions are either without merit, unpreserved for appellate review, or not properly before this Court (see CPLR 5501; Matter of Ross v Ross, 86 AD3d 615, 617 [2011]), or have been rendered academic by the passage of time and the proper dismissal of the visitation petition. Rivera, J.P., Hall, Lott and Cohen, JJ., concur.