■ AMY VAN PROOYEN GREENFIELD, Respondent, v VAN DAVID GREENFIELD, Appellant. [981 NYS2d 150]—

In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Suffolk County (Bivona, J.), dated August 19, 2013, which, upon finding that the State of California was the more appropriate forum to determine any custody and visitation matters affecting the parties' child, declined to continue to exercise jurisdiction over such matters.

Ordered that the order is affirmed, without costs or disbursements.

A court of this State which has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A) may decline to exercise jurisdiction if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (*see* Domestic Relations Law § 76-f [1]; *Matter of Hassan v Silva*, 100 AD3d 753, 754 [2012]). The factors to be considered in making this determination include the length of time the subject child has resided outside the state, any agreement between the parties as to which state should assume jurisdiction, the nature and location of the evidence required to resolve the pending litigation, the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence, and the familiarity of the court of each state with the facts and issues in the pending litigation (*see* Domestic Relations Law § 76-f [2]; *Matter of Hassan v Silva*, 100 AD3d at 754; *Matter of Paderno v Shvetsova*, 96 AD3d 762, 763 [2012]). "Particularly relevant to the jurisdictional determination is whether the forum in which the litigation is to proceed has optimum access to relevant evidence" (*Vanneck v Vanneck*, 49 NY2d 602, 610 [1980] [citation and internal quotation marks omitted]; *see Matter of Paderno v Shvetsova*, 96 AD3d at 763). "Maximum rather than minimum contacts with the State are required" (*Vanneck v Vanneck*, 49 NY2d at 610; *see Matter of Paderno v Shvetsova*, 96 AD3d at 763).

Here, the subject child has lived in California since August 2011 with the permission of the defendant, who maintains a residence in Utah. The record provides a substantial basis for

the Family Court's finding that the evidence regarding the child's care, well being, and personal relationships is more readily available in California. There is no evidence that the child retained substantial connections with New York or that significant evidence existed in this State. The Superior Court of Napa County, California (hereinafter the California court) is familiar with the family and the pending issues, and that court is willing to exercise jurisdiction. Additionally, an attorney for the child based in the same state as the child can far more effectively communicate with the child than an attorney across the country (*see Matter of Paderno v Shvetsova*, 96 AD3d at 763). Although the parties had previously agreed, in August 2011, that New York would retain jurisdiction of custody and visitation matters, such agreement was outweighed by the other relevant factors. Accordingly, the Family Court providently exercised its discretion in concluding that the State of California is the more appropriate and convenient forum to determine the matters of custody and visitation (*see* Domestic Relations Law § 76-f; *Matter of Hassan v Silva*, 100 AD3d at 754-755; *Matter of Paderno v Shvetsova*, 96 AD3d at 763-764; *Matter of Boyd v Crepeau*, 89 AD3d 1020, 1020 [2011]; *Matter of Toale v Caravella*, 86 AD3d 576, 576 [2011]). Skelos, J.P., Lott, Roman and Cohen, JJ., concur.