■ In the Matter of KEVIN McK., Appellant, v ELIZABETH A.E., Respondent. [54 NYS3d 17]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about April 16, 2015, which, among other things, dismissed without prejudice petitioner father's petitions seeking to modify a custody order and to enforce a visitation order, unanimously affirmed, without costs.

Family Court properly declined to exercise its continuing jurisdiction under Domestic Relations Law § 76-a (1) (a), as the record supports its determination that neither the child nor the mother had a "significant connection" to New York and that "substantial evidence" was no longer available in New York, concerning the child's care, protection, training and personal relationships (Domestic Relations Law § 76-a [1] [a]). The record shows that the child had been living continuously with his mother and maternal grandparents in Mississippi since October 2013, and had no continued significant connection to New York, aside from his father living here. Although the father testified that he had lived at the same address in New York for eight months, the record shows that his visits with the child after the child's relocation to Mississippi generally involved trips outside of New York State. In addition, the court properly determined that evidence related to the allegations in the father's petitions concerning the mother's conduct and the child's welfare would be located in Mississippi (*see id.*; *see also Clark v Clark*, 21 AD3d 1326 [4th Dept 2005]).

Even if Family Court had continuing jurisdiction, it providently exercised its discretion in determining that Mississippi was the more convenient forum (*see* Domestic Relations Law § 76-f). The court applied the statute's relevant factors, including that the Mississippi court was well equipped to decide the litigation expeditiously, as it was familiar with the parties' case and expressed its own belief that the case should be heard in Mississippi (*see* § 76-f [2]; *see also Matter of Luis F.F. v Jessica G.*, 127 AD3d 496, 497 [1st Dept 2015]).

Family Court properly found that the father had waived any right to counsel, given that he voluntarily proceeded pro se throughout these ongoing custody/visitation proceedings (*see generally Matter of Joshua UU. v Martha VV.*, 118 AD3d 1051, 1053 [3d Dept 2014]).

We have considered the father's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.