Matter of Peiyi Wang v Christensen (2018 NY Slip Op 07315)





Matter of Peiyi Wang v Christensen


2018 NY Slip Op 07315


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-01742
 (Docket No. V-27854-17)

[*1]In the Matter of Peiyi Wang, appellant, 
v
Gregory James Christensen, respondent.


Proskauer Rose, LLP, New York, NY (John H. Gross of counsel), for appellant.
Karen F. Winner, New York, NY (Nancy Erickson of counsel), for respondent.



DECISION & ORDER
In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Dean Kusakabe, J.), dated December 18, 2017. The order dismissed the mother's petition for custody of the subject child on the ground that New York is an inconvenient forum.
ORDERED that the order is affirmed, without costs or disbursements.
Pursuant to Domestic Relations Law § 76-f, a court with jurisdiction to make a child custody determination under Domestic Relations Law article 5-A may decline to exercise such jurisdiction if it determines that New York is an inconvenient forum and that another state is a more appropriate forum (see Domestic Relations Law § 76—f[1]; Matter of Mzimaz v Barik, 89 AD3d 948). The factors to be considered in making this determination include: (1) whether domestic violence or child abuse has occurred and is likely to occur in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the State; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation (see Domestic Relations Law § 76-f[2]; Matter of Paderno v Shvetsova, 96 AD3d 762).
Here, the Family Court providently exercised its discretion in declining jurisdiction over the mother's custody petition and determining that the court in Massachusetts was a more appropriate forum. The mother committed an act of domestic violence against the father in New York on October 5, 2017, resulting in the issuance of an order of protection against the mother in the father's favor. The father thereafter went to Massachusetts with the child for the father's own protection. Neither of the parties or the child had any significant connection to New York, while the father grew up in Massachusetts and has been residing in Massachusetts at his mother's home with the subject child since October 6, 2017. The Massachusetts court issued a temporary order of custody to the father and is well aware of the issues in this matter. In addition, the Massachusetts court's calendar is less backlogged, thereby affording a more expeditious resolution of the custody [*2]matter. Accordingly, the Family Court properly dismissed the mother's petition for custody on the ground that New York is an inconvenient forum and that Massachusetts is a more appropriate forum.
The parties' remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court