Matter of Sanchez v Johnson (2020 NY Slip Op 07582)





Matter of Sanchez v Johnson


2020 NY Slip Op 07582


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-11730
 (Docket Nos. V-10543-12/15E, V-11393-12/15E)

[*1]In the Matter of William A. Sanchez, respondent,
v
Damaryst F. Johnson, appellant.


Lisa Colin, White Plains, NY, for appellant.
Nancy C. Nissen, White Plains, NY, for respondent.
Eve Bunting-Smith, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (IDV Part) (Thomas R. Daly, J.), dated September 4, 2018. The order granted the motion of the child to dismiss the petition on the ground of forum non conveniens.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the unmarried parents of one child. In 2013, the Family Court, entered an order upon the consent of the parties, awarding the mother physical custody and the father parental access (hereinafter the 2013 custody order). In January 2015, the father filed a petition to modify the 2013 custody order so as to award him physical custody of the child, alleging that the mother used excessive corporal punishment on the child. The Family Court then entered a temporary order of custody and parental access granting the father sole legal and physical custody of the child. The temporary order provided that "New York State shall retain jurisdiction of this case." At the time, the mother lived in New York and the father lived in North Carolina.
In late 2016, the father and the child moved from North Carolina to Florida. By notice of motion dated March 28, 2018, the child moved to dismiss the father's petition on the ground of forum non conveniens, arguing that it was in the child's best interest for the Family Court to decline to exercise jurisdiction and for all matters relating to custody to be heard in Florida.
By order dated September 4, 2018, the Family Court granted the child's motion upon the condition that a child custody proceeding be promptly commenced in Florida and stayed dismissal of the petition for a period of 30 days. The mother appeals.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law (hereinafter UCCJEA), a court in this State, having made the initial custody determination, has exclusive, continuing jurisdiction over that determination so long as, inter alia, one parent remains a resident of New York (see Domestic Relations Law § 76-a[1]; Matter of Goode v Sandoval, 171 AD3d 1059, 1060). Further, Domestic Relations Law § 76-[*2]f(1) provides that a court of this State which has jurisdiction under the UCCJEA may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (see Matter of Ocasio v Ocasio, 177 AD3d 886, 886; Matter of Peiyi Wang v Christensen, 165 AD3d 1269, 1270). The issue of inconvenient forum dismissal is addressed to the Family Court's discretion after consideration of the statutory factors (see Matter of Goode v Sandoval, 171 AD3d at 1060) as set forth in Domestic Relations Law § 76-f(2). These factors include: "(1) whether domestic violence or child abuse has occurred and is likely to occur in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the State; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation" (Matter of Peiyi Wang v Christensen, 165 AD3d at 1269; see Domestic Relations Law § 76-f[2]; Matter of Veen v Golovanoff, 169 AD3d 804, 806). "'Particularly relevant' to the analysis is the nature and location of evidence" (Matter of Veen v Golovanoff, 169 AD3d at 806, quoting Greenfield v Greenfield, 115 AD3d 645, 645).
We agree with the Family Court's determination granting the child's motion to dismiss the father's petition on the ground that a Florida court would be the more appropriate forum to address the issue of custody of the child. The child has not resided in New York since 2015 (see Matter of Veen v Golovanoff, 169 AD3d at 806; Matter of Hollander v Weissberg, 147 AD3d 831, 833). The child also has had no significant connection to New York since 2015, and, since 2016, the substantial, relevant evidence pertaining to the child's care, protection, education, and personal relationships is in Florida, not New York (see Matter of Ocasio v Ocasio, 177 AD3d at 887; Matter of Veen v Golovanoff, 169 AD3d at 805-806). Indeed, although the New York court has greater familiarity with the background facts and issues in this matter than any court in Florida (see Domestic Relations Law § 76-f[2][h]; Matter of Veen v Golovanoff, 169 AD3d at 806), the relevant evidence as to the child's care, education, and development over the last four years is in Florida. Additionally, the mother's past actions in using excessive corporal punishment on the child, which precipitated the child's moves to North Carolina and then to Florida, weigh in favor of the court declining jurisdiction (see Domestic Relations Law § 76-f[2][a]; Matter of Peiyi Wang v Christensen, 165 AD3d at 1270). Thus, the statutory factors, on balance, weigh in favor of the court's determination to decline to exercise jurisdiction.
Accordingly, the order should be affirmed.
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court