Matter of Jenny M. (Thomas M.) (2021 NY Slip Op 05701)





Matter of Jenny M. (Thomas M.)


2021 NY Slip Op 05701


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2021-01110
 (Docket No. N-7032-20)

[*1]In the Matter of Jenny M. (Anonymous). Westchester County Department of Social Services, appellant; Thomas M. (Anonymous), respondent.


John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel; Rebecca A. Meisler on the brief), for appellant.
W. David Eddy, Jr., White Plains, NY, for respondent.
Joy S. Joseph, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the petitioner appeals from an amended order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated January 19, 2021. The amended order dismissed the petition for lack of jurisdiction.
ORDERED that the amended order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The petitioner, Westchester County Department of Social Services, filed a petition alleging that the father neglected the subject child, inter alia, by committing acts of domestic violence against the mother in the child's presence. The petition indicated that the child and the mother resided in Connecticut and that the father resided in Westchester County. The petition also alleged that a criminal proceeding had been commenced against the father in Connecticut based upon some of the same allegations contained in the petition. In an amended order dated January 19, 2021, the Family Court dismissed the petition for lack of subject matter jurisdiction, citing the mother's and the child's residence in Connecticut, the occurrence of the underlying incident in that state, and the pending criminal proceeding. The petitioner appeals.
The Family Court's jurisdiction in this child protective proceeding is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A [hereinafter UCCJEA]; see Domestic Relations Law § 75-a[4]; Matter of Montanez v Tompkinson, 167 AD3d 616, 618). Nevertheless, the court failed to make any determination as to whether, despite the child's Connecticut residence at the time of the filing of the petition, it had jurisdiction under Domestic Relations Law § 76 on the basis that New York was the child's "home state" (Domestic Relations Law § 75-a[7]; see Matter of Kassim v Al-Maliki, 194 AD3d 719, 721). The court further failed to determine whether it had temporary emergency jurisdiction under Domestic Relations Law § 76-c (see Matter of Santiago v Riley, 79 AD3d 1045, 1045-1046; see also Matter of Christianti G. [Diana S.], 125 AD3d 859, 860). In addition, although a criminal proceeding was allegedly [*2]pending in Connecticut, the court failed to determine whether a "proceeding concerning the custody of the child [had] been commenced in a court of another state having jurisdiction," in which case the court would have been required to stay the proceedings and communicate with the court of the other state (Domestic Relations Law § 76-e[1]; see Matter of Frankel v Frankel, 127 AD3d 1186, 1188). Finally, in the event that the court determined that it was an inconvenient forum and that Connecticut was the more appropriate forum, there is no indication that the court considered the required factors (see Domestic Relations Law § 76-f[2][a]-[h]). Moreover, upon such a finding, the court is required to "stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state" (Domestic Relations Law § 76-f[3]).
Accordingly, we remit the matter to the Family Court, Westchester County, for a determination, after a hearing if necessary, of whether that court has jurisdiction pursuant to the UCCJEA (see Domestic Relations Law art 5-A).
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court