Matter of Adam N. v Darah D. (2022 NY Slip Op 01971)





Matter of Adam N. v Darah D.


2022 NY Slip Op 01971


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Docket No. V-00564/19, V-00564/19B, V-00564/19C, V-00564/19D Appeal No. 15550 Case No. 2021-01746 

[*1]In the Matter of Adam N., Petitioner-Respondent,
v
Darah D., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Cavallo Law, PLLC, New York (Carrie Anne Cavallo of counsel), for respondent.



Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about May 10, 2021, which, to the extent appealed from as limited by the briefs, granted the cross motion of petitioner father to dismiss this article 6 proceeding on grounds of forum non conveniens, unanimously affirmed, without costs.
A decision on forum non conveniens is left to the discretion of the trial court. Domestic Relations Law § 76—f specifically requires that before such a determination is made, Family Court "shall" allow the parties to make a submission on this issue and then "shall" consider all relevant factors including those listed in Domestic Relations Law § 76—f (2)(a-h) (Matter of Kevin McK. v Elizabeth A.E., 151 AD3d 600 [1st Dept 2017]; see also Matter of Sanchez v Johnson, 189 AD3d 1254 [2d Dept 2020]). Family Court's determination that California, rather than New York, was the more appropriate forum for this matter, a component of which is the parties' dispute over whether the subject child should live with the father in California, or with respondent mother in Norway, was a provident exercise of its discretion after consideration of the statutory factors.
We reject respondent's argument that the court misapplied Domestic Relations Law § 76-f(2) factors. While she argues the court failed to take into account that her witnesses are all in New York, she does not identify any of these witnesses. She reiterates that she lived with the child in New York for eight years, whereas petitioner has only lived in California since March 2020, but she does not state what evidence from her years here would be probative of the relief she seeks now, namely the child's relocation to Norway. She faults the court for not holding a hearing, but she does not state what additional information the court, which had "allow[ed] the parties to submit information" (Domestic Relations Law § 76-f [2]), should have had before reaching its forum non conveniens determination.
We also reject her argument that, contrary to Family Court's determination, Domestic Relations Law § 76-f(2)(e) factor ("any agreement of the parties as to which state should assume jurisdiction") applies here, because there was an alleged agreement between the parties as to forum; specifically, the "relocation" provision of the Florida order. The provision she cites addresses choice of law (Florida's), not choice of forum, and she does not show that, in the proceedings in California, she cannot argue that Florida law applies to the relocation issue. In any event, she does not rebut or otherwise address Family Court's finding that "both parties agree that factor[] . . . [e] [is] inapplicable to this case."
Finally, we find that the court properly applied Domestic Relations Law § 76-f(2)(b) factor (the length of time the child has resided outside New York), by taking into account that the child had lived in California since March 2020. The child's relocation to California in March 2020 was per court order[*2], rather than an unilateral action by the father (cf. Matter of Helmeyer v Setzer, 173 AD3d 740 [2d Dept 2019]; Matter of Doyle v Debe, 120 AD3d 676 [2d Dept 2014]). Moreover, because of the child's living and school situation, and his family and other relationships, the court properly considered that evidence relating to the child's development and emotional well-being lies primarily in California.
Other arguments that the mother makes are also unavailing. Many are aimed at Family Court's interim orders of March and July 2020, but she did not appeal from those orders. She also claims Family Court wrongly declared a mistrial, but she admits that it did so with the consent of her then counsel.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022