Matter of Feltz v Yanucil (2023 NY Slip Op 00571)

Matter of Feltz v Yanucil

2023 NY Slip Op 00571

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

920 CAF 21-00272

[*1]IN THE MATTER OF RYAN FELTZ, PETITIONER-APPELLANT,
v
AMY YANUCIL, RESPONDENT-RESPONDENT. 

DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-RESPONDENT.
JENNIFER M. LORENZ, ORCHARD PARK, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered January 28, 2021 in a proceeding pursuant to Family Court Act article 6. The order stayed the proceedings pending the commencement of custody and visitation proceedings in Mercer County, New Jersey. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father and respondent mother are the parents of two children who live with the mother in Mercer County, New Jersey. Pursuant to a prior custody order, the mother has sole legal and primary physical custody of the children. The father filed a petition seeking modification of the prior custody order and two violation petitions, and the mother moved to dismiss those petitions on, inter alia, the ground that New York is an inconvenient forum under Domestic Relations Law § 76-f. Family Court determined that New York is an inconvenient forum and therefore issued an order granting the motion to the extent of staying the instant proceedings pending the commencement of custody and visitation proceedings in Mercer County, New Jersey.
Initially, we agree with the mother that the order staying the father's petitions is not appealable as of right (see Family Ct Act
§ 1112 [a]; Matter of Jeremy A. v Vianca G., 120 AD3d 1147, 1147 [1st Dept 2014]; see generally Matter of Steeno v Szydlowski, 181 AD3d 1224, 1225 [4th Dept 2020]). Although the father did not request leave to appeal, we nevertheless treat the notice of appeal as an application for leave to appeal and, in the exercise of our discretion, we grant the application (see Matter of Danielle E.P. v Christopher N., 208 AD3d 978, 978 [4th Dept 2022], lv denied 39 NY3d 904 [2022]; see generally § 1112 [a]).
We reject the father's contention that the court erred in granting the motion to the extent of staying the proceedings on the ground of inconvenient forum and in declining to exercise its jurisdiction in this matter. "In determining whether the state that has jurisdiction is an inconvenient forum, a court should consider such factors as 'the length of time the child[ren have] resided outside th[e] state' (Domestic Relations Law § 76-f [2] [b]), 'the nature and location of the evidence required to resolve the pending litigation, including testimony of the child[ren]' (§ 76-f [2] [f]), and 'the familiarity of the court of each state with the facts and issues in the pending litigation' (§ 76-f [2] [h])" (Clark v Clark, 21 AD3d 1326, 1327 [4th Dept 2005]). Here, we conclude that the court, after considering all of the factors, properly exercised its discretion in determining that New Jersey was a more appropriate forum for these proceedings (see Matter of Dei v Diew, 56 AD3d 1212, 1213 [4th Dept 2008]; Clark, 21 AD3d at 1327-[*2]1328).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court