Matter of Waters v Yacopino (2023 NY Slip Op 02792)

Matter of Waters v Yacopino

2023 NY Slip Op 02792

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02802
 (Docket Nos. V-8343-13, V-9350-13)

[*1]In the Matter of Paul Waters, appellant,
v
Christina Yacopino, respondent.

Heather A. Fig, Bayport, NY, for appellant.
Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from a corrected order of the Family Court, Suffolk County (Mary E. Porter, J.), dated March 11, 2022. The corrected order granted that branch of the mother's motion which was pursuant to Domestic Relations Law § 76-f to dismiss the petition on the ground of forum non conveniens. The notice of appeal from an order dated March 10, 2022, is deemed to be a notice of appeal from the corrected order dated March 11, 2022 (see CPLR 5512[a]).
ORDERED that the corrected order dated March 11, 2022, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings pursuant to Domestic Relations Law § 76-f(3), including the entry of an order staying all proceedings in this matter on condition that a child custody proceeding is promptly commenced in Texas.
The parties have one child in common. In November 2013, the Family Court issued an order after a hearing, awarding the mother physical custody and the father parental access. In May 2019, the Suffolk County Department of Social Services filed a petition alleging, inter alia, that the father neglected the child. In February 2020, the father consented to a finding of neglect, and the court issued an order of protection, directing the father to stay away from the child, except for supervised parental access.
In May 2021, the father commenced this proceeding to enforce the November 2013 order. The father argued, inter alia, that the mother violated the November 2013 order by relocating with the child to Texas and preventing the father from having parental access with the child. In July 2021, the mother moved, among other things, pursuant to Domestic Relations Law § 76-f to dismiss the petition on the ground of forum non conveniens. The father opposed the motion. In March 2022, the Family Court granted that branch of the mother's motion which was to dismiss the petition on the ground of forum non conveniens. The father appeals.
Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law (hereinafter UCCJEA), a court in this State which makes an initial custody determination has exclusive, continuing jurisdiction over that determination so long as, inter alia, one parent remains a resident of New York (see id. § 76-a[1]; Matter of Goode v Sandoval, 171 AD3d 1059, 1060). Further, Domestic Relations Law § 76-f(1) provides that a court of this State which has jurisdiction under the UCCJEA may decline to exercise jurisdiction if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum (see Matter of Ocasio v Ocasio, 177 AD3d 886, 886; Matter of Peiyi Wang v Christensen, 165 AD3d 1269, 1270). The issue of inconvenient forum dismissal is addressed to the Family Court's discretion after consideration of the statutory factors (see Matter of Goode v Sandoval, 171 AD3d at 1060) set forth in Domestic Relations Law § 76-f(2). These factors include: "(1) whether domestic violence or child abuse has occurred and is likely to occur in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the State; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation" (Matter of Peiyi Wang v Christensen, 165 AD3d at 1269; see Domestic Relations Law § 76-f[2]; Matter of Veen v Golovanoff, 169 AD3d 804, 806). "'Particularly relevant' to the analysis is the nature and location of evidence" (Matter of Veen v Golovanoff, 169 AD3d at 806, quoting Greenfield v Greenfield, 115 AD3d 645, 645).
Based on the record before us, we agree with the Family Court that Texas is the more appropriate and convenient forum. The child has not resided in New York since May of 2020. The child also has had no significant connection to New York since 2020, and the substantial, relevant evidence pertaining to the child's care, protection, education, and personal relationships is in Texas, not New York. Accordingly, the statutory factors weigh in favor of the court's determination to decline to exercise jurisdiction.
However, Domestic Relations Law § 76-f(3) specifies that "[i]f a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state." Accordingly, the Family Court erred in granting that branch of the motion which was to dismiss the petition, and we remit the matter to the Family Court, Suffolk County, for further proceedings pursuant to Domestic Relations Law § 76-f(3), including the entry of an order staying all proceedings in the above-entitled proceeding on condition that a child custody proceeding is promptly commenced in Texas (see Matter of Jenny M. [Thomas M.], 198 AD3d 893, 895; Matter of McCarthy v Brittingham-Bank, 117 AD3d 1060, 1061; see also Matter of Sanchez v Johnson, 189 AD3d 1254, 1255).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court