Matter of Gabriel v Pierre (2023 NY Slip Op 03463)

Matter of Gabriel v Pierre

2023 NY Slip Op 03463

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-08126
2021-08128
2021-08136
 (Docket No. V-3775-21/21A/21B, V-3776-21/21A/21B, V-3777-21/21A/21B, Z-4220-21)

[*1]In the Matter of Steven Gabriel, appellant,
v
Patricia Pierre, respondent. (Proceeding No. 1)
In the Matter of Patricia Pierre, respondent,
v Steven Gabriel, appellant. (Proceeding Nos. 2 and 3)

Alex Smith, Middletown, NY, for appellant.
Patricia Pierre, Greenville, North Carolina, respondent pro se.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Orange County (Carol S. Klein, J.), dated October 7, 2021, (2) an order of the same court dated October 12, 2021, and (3) an order of dismissal of the same court, also dated October 12, 2021. The order dated October 7, 2021, insofar as appealed from, denied that branch of the father's motion which was, in effect, pursuant to CPLR 4404(b) to set aside a decision of the same court dated October 4, 2021, determining that the court would decline to exercise jurisdiction over the father's petition to modify a prior order of custody and that the father's petition to modify the prior order of custody was subject to dismissal on that basis, and that the mother was entitled to a writ of habeas corpus. The order dated October 12, 2021, upon the decision, granted the mother's petition for a writ of habeas corpus and directed that the parties' children be returned to the mother's physical custody. The order of dismissal, upon the decision, dismissed the father's petition to modify the prior order of custody.
ORDERED that the appeal from the order dated October 7, 2021, is dismissed, without costs and disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court Act article 6, part 3 (see Family Court Act § 1112[a]) and leave to appeal has not been granted; and it is further,
ORDERED that the order dated October 12, 2021, and the order of dismissal are affirmed, without costs or disbursements.
The parties are the parents of three children. In 2017, the Family Court awarded the mother custody of the children. In 2019, the mother and the children moved to North Carolina. By order dated January 15, 2020, entered upon the parties' consent, the court continued the order of [*2]custody from 2017, awarded the father unsupervised parental access during "every winter and every spring recess from school" and "the first six weeks of every summer recess from school," and directed that the father pay the cost of transportation between New York and North Carolina (hereinafter the prior order of custody).
Following a summer visit in New York in June 2021, the father did not return the children to the mother in North Carolina. In August 2021, the father filed a petition to modify the prior order of custody so as to award him custody of the children. In September 2021, the mother filed, inter alia, a petition for a writ of habeas corpus, alleging that the father had wrongfully withheld the children and refused to allow her to communicate with them.
On October 4, 2021, the Family Court held a conference at which both parties appeared with counsel. During that conference, on the record, the court, in effect, determined that the father wrongfully withheld the children from the mother and the mother was entitled to a writ of habeas corpus. The court further determined that although it had jurisdiction to address the father's petition, it was declining to exercise that jurisdiction on the ground that New York was an inconvenient forum and North Carolina was a more appropriate forum, and that the father's petition was subject to dismissal on that basis.
Subsequently, the father moved, inter alia, in effect, pursuant to CPLR 4404(b) to set aside the decision dated October 4, 2021. By order dated October 7, 2021, the Family Court, among other things, denied that branch of the motion. By order dated October 12, 2021, the court granted the mother's petition for a writ of habeas corpus and directed that the children be returned to her physical custody. By order of dismissal, also dated October 12, 2021, the court dismissed the father's petition. The father appeals.
Contrary to the father's contention, the record demonstrates that the Family Court properly exercised its discretion in deferring jurisdiction to North Carolina. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified in article 5-A of the Domestic Relations Law, a court in this State that made an initial custody determination has exclusive, continuing jurisdiction over that determination until one of several specified triggering events (see Domestic Relations Law § 76-a; Matter of Helmeyer v Setzer, 173 AD3d 740, 742). However, a court in this State may decline to exercise its jurisdiction if it determines that another forum is more convenient after consideration of relevant factors (see Domestic Relations Law § 76-f). "The issue of inconvenient forum dismissal is addressed to the Family Court's discretion after consideration of the statutory factors" (Matter of Helmeyer v Setzer, 173 AD3d at 743 [internal quotation marks omitted).
Here, the Family Court properly weighed appropriate factors, including "the length of time the [children have] resided outside [the] state" (Domestic Relations Law § 76-f[2][b]), "the nature and location of the evidence required to resolve the pending litigation" (id. § 76-f[2][f]), and "the familiarity of the court of each state with the facts and issues in the pending litigation" (id. § 76-f[2][h]). After considering relevant factors, the court providently exercised its discretion in determining that North Carolina was a more appropriate forum (see Matter of Feltz v Yanucil, 213 AD3d 1246, 1247; Matter of Paderno v Shvetsova, 96 AD3d 762, 763).
The father's contention that the Family Court should have appointed an attorney for the children is without merit. "While appointment of an attorney for the child in a contested custody matter remains the strongly preferred practice, such appointment is discretionary, not mandatory" (Matter of Quinones v Quinones, 139 AD3d 1072, 1074 [internal quotation marks omitted]; see Matter of Soumare v White, 214 AD3d 992, 993). Under the particular circumstances of this case, which turns primarily on an issue of jurisdiction and includes a prior order of custody and parental access entered on consent, the court providently exercised its discretion in not appointing an attorney for the children (see Jean v Jean, 59 AD3d 599, 600).
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court