Matter of Guerrero v Santiago (2025 NY Slip Op 02066)

Matter of Guerrero v Santiago

2025 NY Slip Op 02066

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01880
 (Docket Nos. V-145-18, V-146-18)

[*1]In the Matter of Adriana Guerrero, respondent,
v
Vincent Manuel Santiago, appellant. (Proceeding No. 1)
In the Matter of Vincent Manuel Santiago, appellant,
v Adriana Guerrero, respondent. (Proceeding No. 2)

Paul W. Matthews, Staten Island, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Queens County (IDV Part) (Elisa S. Koenderman, J.), dated January 24, 2023. The order, upon an order of the same court dated January 9, 2023, granting the mother's renewed application for the court to decline to exercise jurisdiction over the parties' custody petitions on the ground that New York was an inconvenient forum and New Jersey was the more appropriate forum, dismissed the parties' custody petitions.
ORDERED that the order dated January 24, 2023, is affirmed, without costs or disbursements.
The parties have one child together. On May 16, 2018, the mother filed a family offense petition on behalf of herself and the child against the father in the Family Court. On June 20, 2018, the father filed a family offense petition against the mother. On June 26, 2018, the mother filed a petition for custody of the child. On July 3, 2018, the father filed a petition for custody of the child. At that time, the mother resided with the child in Queens, and the father resided in Englewood, New Jersey.
The parties' custody and family offense petitions were transferred to the Supreme Court (IDV part) in September 2018. In November 2020, the mother moved with the child to New Jersey. In an order dated July 8, 2021, the court denied the mother's oral application for the court to decline to exercise jurisdiction over the custody petitions, finding, inter alia, that although the court lacked exclusive continuing jurisdiction, the majority of the evidence required to resolve the custody petitions remained in New York. Thereafter, on January 4, 2023, the mother renewed her oral application for the court to decline to exercise jurisdiction over the custody petitions. In an order dated January 9, 2023, the court granted the mother's renewed application, finding that New [*2]York was an inconvenient forum and that New Jersey was a more appropriate forum due to substantial changes in circumstances since July 2021. In an order dated January 24, 2023, the court, upon the order dated January 9, 2023, dismissed the custody petitions. The father appeals.
A New York court that has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, codified in Domestic Relations Law article 5-A, "may decline to exercise jurisdiction if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum" (Matter of Waters v Yacopino, 216 AD3d 1105, 1107; see Domestic Relations Law § 76-f[1]; Matter of Montanez v Tompkinson, 167 AD3d 616, 618). "The issue of inconvenient forum dismissal is addressed to the Family Court's discretion after consideration of the statutory factors as set forth in Domestic Relations Law § 76-f(2)" (Matter of Sanchez v Johnson, 189 AD3d 1254, 1255 [citation omitted]; see Domestic Relations Law § 76-f[2]). These factors include: "(1) whether domestic violence or child abuse has occurred and is likely to occur in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the [s]tate; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation" (Matter of Waters v Yacopino, 216 AD3d at 1107 [internal quotation marks omitted]; see Domestic Relations Law § 76-f[2]; Matter of Sanchez v Johnson, 189 AD3d at 1255).
Here, the Supreme Court providently exercised its discretion in determining that it should relinquish jurisdiction to New Jersey due to substantial changes in circumstances since July 2021. The child, who had moved with the mother to New Jersey in November 2020, had subsequently been diagnosed with stage-four kidney cancer and was receiving ongoing medical treatment in New Jersey. The child had attended school in New Jersey for almost two years. Allegations of possible neglect or abuse of the child had been investigated by the New Jersey Division of Child Protection and Permanency. Additionally, in June 2022, the father voluntarily relocated to Florida, where he and other potential witnesses for his case continued to reside. Furthermore, given the impending retirement of the assigned Justice, the matter would proceed before a new judge, whether that was in New York or New Jersey. Accordingly, the court providently exercised its discretion in relinquishing jurisdiction to a New Jersey court and dismissing the parties' custody petitions (see Matter of Gabriel v Pierre, 217 AD3d 944, 946; Matter of Sanchez v Johnson, 189 AD3d at 1256).
Contrary to the father's contention, the parties were given an opportunity to be heard on the mother's renewed application for the Supreme Court to decline to exercise jurisdiction, and the court considered the factors enumerated in Domestic Relations Law § 76-f(2) in making its determination.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court