Vassilev v Vassilev (2026 NY Slip Op 00219)

Vassilev v Vassilev

2026 NY Slip Op 00219

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 320522/23|Appeal No. 5608|Case No. 2025-02669|

[*1]Valentina Nikolaeva Vassilev, Plaintiff-Appellant,
vEvstaty Hristov Vassilev, Defendant-Respondent.

Law Offices of Deana Balahtsis, New York (Merilda Petri Nina of counsel), for appellant.
Liou & Maisonet, PLLC, New York (Dimitri Maisonet of counsel), for respondent.
Haltmaier Law & Mediation, P.C., New York (Allison Haltmaier of counsel), attorney for the children.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about April 29, 2025, which granted defendant husband's motion to dismiss the matrimonial action based on forum non conveniens grounds, unanimously affirmed, without costs.
Plaintiff wife commenced this divorce action in March 2023. By August 2023, the parties had permanently moved to separate, but nearby, towns in New Jersey. Three months later, the husband moved to dismiss the divorce action on forum non conveniens grounds. The motion court denied the motion without prejudice as premature, because New Jersey would not have "home state" jurisdiction over the issue of child custody until the children had lived there for six consecutive months with at least one parent (Domestic Relations Law § 75-a[7]), and it was too soon to determine whether New York would be an inconvenient forum at the time of trial (Domestic Relations Law § 76-f [1], [2][a-h]).
In February 2025, the husband again moved to dismiss the wife's divorce action on forum non conveniens grounds and commenced a divorce action in New Jersey. Supreme Court granted that motion, which is the subject of this appeal.
Supreme Court providently exercised its discretion by considering the statutory factors and determining that New York was an inconvenient forum and that New Jersey was the more appropriate forum (see Domestic Relations Law § 76-f [1], [2][a-h]; CPLR 327[a]; Matter of Kevin McK. v Elizabeth A.E., 151 AD3d 600, 600-601 [1st Dept 2017], appeal dismissed, 30 NY3d 1028 [2017], lv dismissed in part, denied in part, 32 NY3d 944 [2018]; Matter of Waters v Yacopino, 216 AD3d 1105, 1107 [2d Dept 2023]). Under the Uniform Child Custody Jurisdiction Enforcement Act, a state that has jurisdiction to determine custody, as New York did at the time of the instant motion, may decline to do so where it determines that it is an inconvenient forum and that another state, which also has jurisdiction to determine custody, is a more appropriate forum, after consideration of the relevant factors (Domestic Relations Law § 76-f). New Jersey now has "home state" jurisdiction as a result of the family's residence there for more than six months prior to commencement of the New Jersey action (Domestic Relations Law § 75-a[7]). New Jersey is also the more convenient forum to decide child custody, considering the relevant factors (Domestic Relations Law § 76-f). The children's schools, residence, caregivers, and professionals are nearly all located in New Jersey and substantial evidence is no longer available in New York State concerning the children's care, protection, and personal relationships (see Matter of Balde v Barry, 108 AD3d 622, 623 [2d Dept 2013]). While there may well be witnesses to the husband's behavior relevant to child custody who are located in New York, the location of the New Jersey court is not oppressively far, and New Jersey considers evidence of domestic violence in assessing child custody (see NJ Stat Ann 9:2-4 [requiring courts considering child custody to consider relevant factors, including "the history of domestic violence, if any" and the safety of the child and either parent from physical abuse by the other parent]). New Jersey courts may also appoint a guardian ad litem, attorney, or both to represent children in custody matters (see id.). Moreover, New Jersey is best able to provide appropriate protection for the wife and children should that be necessary, since the orders of protection issued by the New York Family and Criminal Courts have expired and the family now resides in New Jersey (Domestic Relations Law § 76-f[2][a]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026