Matter of Parco v Parco

2026 NY Slip Op 02274

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rosanna Parco, appellant,

v

Christopher T. Parco, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2025-05106, (Docket Nos. V-1693-25/25A, V-1694-25/25A)

Mark C. Dillon, J.P.

William G. Ford

Helen Voutsinas

James P. Mccormack, JJ.

Kirkland & Ellis LLP, New York, NY (Ashley P. Grolig of counsel), for appellant.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated March 20, 2025. The order, without a hearing, sua sponte, dismissed the mother's petition to modify the custody provisions of a judgment of divorce of the same court (Ralph J. Porzio, J.) dated December 2, 2022, which incorporated but did not merge a stipulation of settlement dated September 15, 2021, so as to award her sole legal and residential custody of the parties' children.

ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

The parties were divorced in New York by a judgment of divorce dated December 2, 2022, which incorporated but did not merge a stipulation of settlement dated September 15, 2021. The parties subsequently relocated to Florida with the parties' children. In March 2024, the mother and the children returned to New York. In April 2024, the mother filed a petition (hereinafter the 2024 petition) to modify the custody provisions of the judgment of divorce so as to award her sole legal and residential custody of the children, alleging, inter alia, that there had been a change in circumstances in that the father had committed acts of domestic violence against the mother in the children's presence. In August 2024, the Family Court dismissed the 2024 petition, without prejudice, for lack of subject matter jurisdiction.

In March 2025, the mother filed a second petition (hereinafter the 2025 petition) to modify the custody provisions of the judgment of divorce so as to award her sole legal and residential custody of the children. In an order dated March 20, 2025, the Family Court, without a hearing, sua sponte, dismissed the 2025 petition, stating that the "application raised in the petition has been addressed in a prior Decision and Order of the Court dated August 15, 2024." The mother appeals from the order dated March 20, 2025.

The Family Court's jurisdiction in this child custody proceeding is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Domestic Relations Law art 5-A; see id. § 75-a[4]; Matter of Montanez v Tompkinson, 167 AD3d 616, 618). Nevertheless, the court failed to make any determination, despite the children's residence in New York for more than six months at the time of the filing of the 2025 petition, as to whether it had jurisdiction under Domestic Relations Law § 76 on the basis that New York was the children's "home state" (id. § [*2]75-a[7]; see Matter of Jenny M. [Thomas M.], 198 AD3d 893, 894-895). The court further failed to determine whether it had temporary emergency jurisdiction under Domestic Relations Law § 76-c (see Matter of Nathaniel H. [Nathaniel H.], 213 AD3d 525, 525-526; Paul v Paul, 161 AD3d 888, 891). In addition, the court failed to determine whether a "proceeding concerning the custody of the child [had] been commenced in a court of another state having jurisdiction," in which case the court would have been required to stay the proceedings and communicate with the court of the other state (Domestic Relations Law § 76-e[1]; see Matter of Frankel v Frankel, 127 AD3d 1186, 1188). Moreover, in the event that the court found that New York was an inconvenient forum and that Florida was the more appropriate forum, there is no indication that the court considered the required factors (see Domestic Relations Law § 76-f [2][a]-[h]). Finally, upon such a finding, the court is required to "stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state" (id. § 76-f[3]).

Accordingly, we reverse the order dated March 20, 2025, reinstate the 2025 petition, and remit the matter to the Family Court, Richmond County, for a determination, after a hearing if necessary, of whether that court has jurisdiction pursuant to the UCCJEA (see Domestic Relations Law art 5-A).

DILLON, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court